**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 25 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-32861 |
| Kevin L. Lofton II, | ) | Chapter 13 |
| Debtor. | ) | Adv. Pro. No. 15-3107 |
| Kevin L. Lofton II, | ) | Judge John P. Gustafson |
| Plaintiff, | ) | |
| v. | ) | |
| Heidi Roll, | ) | |
| Defendant. | ) | |

## ORDER

    This case is before the court on Plaintiff's "Amended Motion for Refund of Filing Fee" ("Motion"). [Doc. # 22]. Plaintiff moves the court for refund of the $350.00 case filing fee. The basis of his motion is that when electronically prompted, he mistakenly paid the filing fee in a proceeding where the filing fee was not required. As the Debtor in the underlying Chapter 13 case, Plaintiff should be exempt from paying the filing fee.

    Regarding the cost for filing a complaint, the Bankruptcy Court Miscellaneous Fee Schedule states as follows:

    For filing a complaint, $350, except:

> > . . . .
> > 
> > o This fee must not be charged if -
> > 
> > ■ the debtor is the plaintiff . . . .

Bankruptcy Court Miscellaneous Fee Schedule (December 2014), ¶ 6.

> Further, Judicial Conference policy limits fee refunds as follows:
>
> The Judicial Conference prohibits refunding the fees due upon filing. The Conference prohibits the clerk from refunding these fees even if the party filed the case in error, and even if the court dismisses the case or proceeding. Nevertheless, the clerk must refund any fee collected without authority. For example, the clerk has no authority to collect a fee to reopen a case unless the case is closed. Consequently, the clerk must refund a fee to reopen if the parties discover later that the case was open.

Bankruptcy Fee Compendium III (June 2014), ¶ A.8, p. 16. That policy has been implemented in this district by Local Bankruptcy Rule 5080-1, which provides as follows: "Neither the Clerk nor a Judge has the authority to permit refund of fees due upon filing except for fees collected without authority or due to administrative error on the part of the clerk's office."

Thus, the standard for court authorization to allow the refund of a filing fee is twofold: the fee was collected without authority or the fee was collected due to administrative error on the part of the Clerk's office.

The court finds that Plaintiff is a debtor in the underlying Chapter 13 Case No. 15-32861. The court further finds that the $350 case filing fee was "collected by the Clerk" without authority.[1] The court bases this finding on language within the Fee Compendium on Judicial Conference policy and the Bankruptcy Court Miscellaneous Fee Schedule, quoted above.

A debtor such as plaintiff "must not be charged" the $350 filing fee by the Clerk, as "[t]hat language in the Bankruptcy Court Miscellaneous Fee Schedule as the source of Judicial Conference Policy speaks directly to the Clerk's lack of authority to collect the filing fee in the first place under 28 U.S.C. § 1930(b) and (e) and Local Rule 5080–1." *In re Richmond*, 2015 WL 5333812, at *2 (Bankr. N.D. Ohio Sept. 11, 2015).

**THEREFORE,** based on the foregoing reasons and authorities,

**IT IS ORDERED** that the "Amended Motion for Refund of Filing Fee" [Doc. # 22] be, and hereby is, **GRANTED**; and

---

[1] / The filing was, in fact, electronic. No actual clerk's office personnel were involved in the transaction.

**IT IS FURTHER ORDERED** that the Clerk of Court refund the $350.00 filing fee collected electronically from Attorney Andrew H. Johnston on behalf of the Plaintiff Kevin L. Lofton II on October 1, 2015 in connection with the filing of the complaint herein. The $350.00 filing fee collected by the Clerk without authority must forthwith be refunded to counsel for Plaintiff, Andrew H. Johnston, of Shipman, Dixon & Livingston Co. LPA, 215 W. Water Street, Troy, OH 45373; and

**IT IS FINALLY ORDERED** that upon receipt of the refund counsel must handle it in accordance with his fee agreement with Plaintiff, including immediately refunding it to Plaintiff if appropriate.